IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH LEVELLE HILL, | ) | CASE NO. 1:11 CV 2603 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN SHELDON, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
    A.    Background facts, trial, conviction, and sentence . . . . . . . . . . . . . . . . . . -4-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
          1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
          2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -7-
    C.    Appellate Rule 26(B) motion to re-open the appeal . . . . . . . . . . . . . . . -8-
    D.    Re-sentencing motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
    E.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -11-
    F.    Amended federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-
          1.    Non-cognizable claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -17-
          2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-
          3.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-
          1.    Ground one, part one – speedy trial claim – should be denied on the merits because the Ohio appeals court decision rejecting this claim is not an unreasonable application of the clearly established federal law of *Barker v. Wingo*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -24-
          2.    Ground one, part two – manifest weight of the evidence claim – should be construed as a claim alleging lack of sufficient evidence and then denied after AEDPA review because the decision of the Ohio appeals

court was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*. . . . . . . . . . . . . . . . . . . . . . . -29-

3.   Ground two – six instances of alleged ineffective assistance of appellate counsel – should be denied after AEDPA review because the decision of the Ohio appeals court in denying these claims in the Appellate Rule 26(B) application was not an unreasonable application of the clearly established federal law of *Strickland*. . . . . . . . . . . . . . . -33-

4.   Ground three – apparently contesting the appropriate way to enter a conviction – is both procedurally defaulted by Hill's failure to pursue an appeal from the dismissal of his two motions for re-sentencing and is non-cognizable as a matter of purely state law. . . . . . . . . . . -37-

5.   To the extent that Hill moves for an evidentiary hearing in his traverse so he can develop facts to "rebut the presumption of correctness afforded to the state court's determination of factual issue[s] in this case," that motion should be denied. . . . . . . . . . . . . . . . . . . . . . . -38-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -40-

## Introduction

Before me by referral[1] is the amended *pro se* petition of Kenneth L. Hill for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Hill was convicted by a Richland, Ohio, common pleas jury in 2008 of felonious assault and having a weapon while under disability.[3] He was then sentenced by the Ohio court to a total term of 13 years in prison[4] and is now serving that sentence at the Chillicothe Correctional Institution in Chillicothe, Ohio.[5]

---

[1] ECF # 5.

[2] ECF # 20.

[3] ECF # 9, Attachment (state court record) at 10-11.

[4] *Id.*, at 12-13.

[5] *See*, http://www.drc.ohio.gov. At the time this petition was filed, Hill was incarcerated at the Toledo Correctional Institution in Toledo, Ohio. ECF # 1 at 1.

In his amended petition,[6] Hill raises three grounds for relief involving: (1) an alleged speedy trial violation;[7] (2) ineffective assistance of appellate counsel;[8] and (3) improper wording of judgment of conviction.[9] The State argues that Hill's amended petition should either be dismissed in its entirety or else dismissed in part and denied in part.[10] Hill filed a traverse,[11] to which the State filed a reply.[12]

For the reasons presented, I will recommend that the petition be dismissed in part and denied in part. Moreover, to the extent Hill moves for an evidentiary hearing in his traverse, that motion should be denied.

---

[6] Hill initially sought leave to amend the original petition (ECF # 10), which the State opposed (ECF # 12). That motion was denied (ECF # 13). After the State filed its return of the writ (ECF # 9), Hill sought again to amend his petition, this time to respond to the issues raised in the return (ECF # 15). After the State responded that it would not oppose the amendment (ECF # 17), the motion to amend was granted (ECF # 18), and the present amended petition was filed (ECF # 20).

[7] ECF # 20 at 6-8.

[8] *Id.* at 8-9.

[9] *Id.* at 9-10.

[10] ECF # 9 at 12-46; ECF # 26.

[11] ECF # 25.

[12] ECF # 26.

# Facts

**A.** **Background facts, trial, conviction, and sentence**

Although exhaustively set forth by the state appeals court, the relevant background facts here are easily summarized.[13]

Hill, from Chicago, was dealing drugs in 2005 out of the Mansfield apartment of a crack cocaine user who permitted drug dealers to operate in her unit in exchange for drugs.[14] When Hill left that apartment for a short while, the drug-using tenant allowed other drug dealers to use it on the same arrangement.[15] Upon Hill's return, a dispute arose between Hill and the other drug dealers over who should remain in the apartment and who should leave.[16] In the course of that dispute, Hill, armed with a gun, burst in on William Green, one of the other drug dealers, ordering him to lie on the apartment floor.[17] Hill then shot Green in the back in front of at least one witness before fleeing.[18]

---

[13] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[14] ECF # 9, Attachment at 105.

[15] *Id.*

[16] *Id.*, at 105-06.

[17] *Id.*, at 107.

[18] *Id.*

-4-

With statements from the witness and three other women in the apartment at the time all identifying Hill as the shooter,[19] Hill was indicted in 2005 on charges of felonious assault with a deadly weapon, aggravated robbery with a firearm specification, and having a weapon while under disability.[20] But Hill was not arrested until 2008 when he was located in Chicago and then returned to Ohio for trial.[21]

After the start of the trial was delayed several times by the trial judge because of conflicts with other pending cases, Hill was eventually tried before a jury. The jury convicted him of the felonious assault and weapons possession charges but acquitted him on the robbery charge with the attached firearm specification.[22] After the initial sentence was dismissed by the Ohio appeals court for not containing the manner of conviction,[23] Hill was ultimately re-sentenced on February 5, 2009, to a total term of 13 years in prison on both counts, with such sentence to be served consecutively to the 18-year sentence imposed in another, related case.[24]

---

[19] The shooting victim, also a drug dealer, did not cooperate in the investigation, but rather returned to Detroit after checking himself out of the Mansfield hospital where he was taken after being shot. *Id.*, at 108.

[20] *Id.*, at 108.

[21] *Id.*

[22] *Id.*

[23] *Id.*, at 15.

[24] *Id.*, at 16-17. That other case is the subject of another pending habeas matter here. *See*, Case No. 1:11-CV-2602.

**B.      Direct appeal**

*1.      Ohio court of appeals*

On March 2, 2009, Hill, apparently through the same counsel as represented him at trial,[25] filed a timely[26] notice of appeal with the Ohio appeals court.[27] Before the brief was filed, Hill, through different counsel, moved to supplement the record with the transcript of a prior case that had ended in a mistrial.[28] After the appeals court granted the motion to supplement the record,[29] Hill in his brief set forth the following two assignments of error:

Assignment of Error Number One:

1.      THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT-APPELLANT'S MOTION TO DISMISS THE CASE BASED UPON THE TIME LIMITATIONS SET FORTH IN OHIO REVISED CODE SECTION 2945.71 AND OHIO REVISED CODE SECTION 2945.72.

---

[25] The entry of the notice of appeal does show it is signed by Hill's trial attorney, David Homer, and correctly lists Hill in the case caption as the defendant-appellant and gives the correct date of Hill's re-sentencing, but the body of the notice recites that it is filed on behalf of defendant "Michael Jason Conley." *Id.* at 18.

[26] Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within thirty days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Because as stated above the re-sentencing was filed on February 5, 2009, and the notice of appeal filed less than 30 days later on March 2, 2009, the notice was timely filed.

[27] ECF # 9, Attachment at 18.

[28] *Id.*, at 19-21.

[29] *Id.*, at 22-26.

Assignment of Error Number Two:

2.      THE JURY'S VERDICT IN FINDING THE DEFENDANT-
        APPELLANT GUILTY ON COUNT ONE OF AGGRAVATED
        BURGLARY, CONT [SIC] TWO OF RAPE, COUNT THREE OF
        RAPE, AND COUNT FOUR OF ATTEMPTED RAPE, WAS
        CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE
        THUS THE CONVICTION WAS IN VIOLATION OF ARTICLE I,
        10 OF THE OHIO CONSTITUTION AND THE SIXTH
        AMENDMENT OF THE UNITED STATES CONSTITUTION.[30]

After the State filed a responsive brief,[31] the Ohio court of appeals on June 30, 2010,

overruled both assignments of error, affirming Hill's conviction and sentence.[32]

## 2.      *Supreme Court of Ohio*

On August 11, 2010, Hill, *pro se*, filed a timely[33] notice of appeal with the Supreme

Court of Ohio.[34] In his memorandum in support of jurisdiction Hill, *pro se*, raised the

following two propositions of law:

PROPOSITION OF LAW NO. I: THE VERDICT WAS AGAINST THE
MANIFEST WEIGHT OF THE EVIDENCE.

---

[30] *Id.*, at 31.

[31] *Id.*, at 60-90.

[32] *Id.*, at 104-21.

[33] By filing his notice of appeal with Ohio Supreme Court 41 days after the decision
of the appeals court was entered, Hill's filing was timely under the terms of Ohio Supreme
Court Rule of Practice 2.2(A)(1)(a) , which provides that an appeal must be filed within
45 days of the judgment being appealed.

[34] ECF # 9, Attachment at 133.

PROPOSITION OF LAW NO. II: WHEN FOUR FACTORS SET FORTH IN
BARKER V. WINGO ARE BALANCED AS WHOLE.[SIC] PETITIONER
IS ENTITLED TO DISMISSAL OF THE CHARGER [SIC] AGAINST
HIM.[35]

The State did not file a brief in response,[36] and on December 1, 2010, the Supreme

Court of Ohio dismissed the appeal as not involving any substantial constitutional question.[37]

## C.  Appellate Rule 26(B) motion to re-open the appeal

While Hill's direct appeal was pending before the Ohio Supreme Court, and within

the required 90 days from entry of the appeal in question,[38] Hill, *pro se*, filed a motion under

Rule 26(B) of the Ohio appellate rules to re-open his appeal.[39] In that application, Hill

asserted six proposed assignments of error:

ASSIGNMENT OF ERROR I: APPELLATE COUNSEL WAS
INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO TIMELY
OBJECTION TO THE STATE"S [SIC] CONTINUE TO LEAD IN
QUESTION AND FAILING TO INVESTIGATE SAID CASE.

ASSIGNMENT OF ERROR II: THE VERDICT WAS NOT SUSTAINED
BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND
EVIDENCE THAT WAS PRESENTED FOR FELONIOUS ASSUALT
[SIC].

---

[35] *Id.*, at 135.

[36] *See*, ECF # 9 at 8.

[37] ECF # 9, Attachment at 163.

[38] *Id.*, at 175.

[39] *Id.*, at 164-73.

ASSIGNMENT OF ERROR III: THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND EVIDENCE THAT WAS PRESENTED FOR HAVING WEAPONS WHILE UNDER DISABILITY.

ASSIGNMENT OF ERROR IV: APPELATE [SIC] COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF CONFRONTATION CLAUSE GUARANTEED BY THE SIXTH AND THE FOURTEENTH AMENDMENT [SIC].

ASSIGNMENT OF ERROR V: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF BRADY VIOLATION, GUARANTEED BY THE FIFTH AND THE FOURTEENTH AMENDMENT DUE PROCESS OF LAW.

ASSIGNMENT OF ERROR VI: APPELATE [SIC] COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF TRIAL COURT ABUSED ITS DISCRETION, BY ALLOWING A STATE IDENTIFICATION CARD IN TO EVIDENCE.[40]

Without any responsive filing by the State, on November 15, 2010, the appellate court denied Hill's application to re-open the appeal.[41]

Hill, *pro se*, thereupon timely[42] filed a notice of appeal with the Ohio Supreme Court.[43] In the memorandum in support of jurisdiction, Hill advanced the following six propositions of law:

---

[40] *Id.*, at 165.

[41] *Id.*, at 174-83.

[42] The decision denying the Rule 26(B) application was filed November 15, 2010, and the notice of appeal filed on December 22, 2010, thus within the 45 days required by the previously-cited rule.

[43] ECF # 9, Attachment at 184-85.

PROPOSITION OF LAW I: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO NOT OBJECTING TO THE STATE IMPEACHING THIER [SIC] OWN WITNESS AND TO INVESTGATE [SIC] SAID CASE.

PROPOSITION OF LAW NO. II: THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND EVIDENCE THAT WAS PRESENTED FOR FELONIOUS ASSUALT [SIC] ON A WILLIAM L. GREEN.

PROPOSITION OF LAW NO. III: THE VERDICT WAS NOT SUSTAINED BY SUFFICIENT EVIDENCE AND IS CONTRARY TO LAW AND EVIDENCE THAT WAS PRESENTED FOR HAVING WEAPONS WHILE UNDER DISABILITY.

PROPOSITION OF LAW NO. IV: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF CONFRONTATION CLAUSE GUARANTEE BY THE SIXTH AND THE FOUTEENTH [SIC] AMENDMENT.

PROPOSITION OF LAW NO. V: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF BRADY VIOLATION, GUARANTEED BY THE FIFTH AND THE FOURTEENTH AMENDMENT DUE PROCESS.

PROPOSITION OF LAW NO. VI: APPELLATE COUNSEL WAS INEFFECTIVE DUE TO FAILING TO RAISE A VIABLE ISSUE OF TRIAL COURT ABUSED ITS DISCRETION, BY ALLOWING STATE IDENTIFICATION CARD OF A WILLIAM L. GREEN INTO EVIDENCE.[44]

Again, the State did not file a responsive brief,[45] and on March 2, 2011, the Supreme

Court of Ohio dismissed the appeal as not involving any substantial constitutional question.[46]

---

[44] *Id.*, at 187.

[45] *See*, ECF # 9 at 9.

[46] ECF # 9, Attachment at 210.

### D.    Re-sentencing motions

Subsequent to the decision of the Ohio Supreme Court dismissing the appeal from the denial of the motion to re-open, Hill, *pro se*, filed motions in the trial court challenging both his original sentence of September 3, 2008[47] and his re-sentence of February 5, 2009.[48] Both motions were denied by the trial court,[49] and Hill's appeal from that denial[50] was dismissed for want of prosecution.[51]

### E.    Federal habeas petition

On November 22, 2011,[52] Hill, *pro se*, timely[53] filed his original petition for habeas relief.[54] In that petition, he ostensibly raised three grounds for relief:

---

[47] *Id.*, at 211-13.

[48] *Id.*, at 234-36.

[49] *Id.*, at 240-41.

[50] *Id.*, at 245.

[51] *Id.*, at 246.

[52] ECF # 1 at 16. This is the date Hill placed the petition in the prison mailing system. The petition was received here and filed on November 30, 2011.

[53] As noted, the direct appeal from his timely filed Rule 26(B) application concluded on March 2, 2011, and the present petition was filed on November 22, 2011, or within the one-year period provided by 28 U.S.C. § 2244(d)(1).

[54] ECF # 1.

GROUND ONE:

Supporting Facts:
1.    Traial [sic] Court failed to examine the record to see why the 2005 Indictment wasn't served before the year 2008. "Speedy Trial Issue" Prosecutor never tryed [sic] to serve the indictment to known address.[55]
2.    "Manifest Weight of the Evidence" it was not enough evidence to convict the defendant of shooting a person by the name of William Lee Green. Neither one of the witness [sic] could I.D. this person State I.D. card as the victim on the night in questing.

GROUND TWO:

Supporting facts:
1.    Prosecutor impeaching its own witness
2.    its [sic] wasnt [sic] sufficient evidence to find the defendent [sic] guilty of shooting aperson [sic] by the name William Lee Green.
3.    there was not sufficient evidence to convicted [sic] the defendant of Weapons While under disability, by the use of a prior conviction from another State.
4.    The state violated the defendant Confrontation Clause by admitted [sic] the victim William L. Green in evidence without the victim having any prior statement or without somebody knowing him personally to say that is him.
5.    The State comitted [sic] a Bady [sic] violation when they didnt [sic] disclose unknown lady address or name during discovery.
6.    Trial court abused it [sic] discretion by allowing the State I.D. ca

GROUND THREE:

Supporting facts: The judgment of conviction did not state the manner of convition [sic] if the defendant was found Guilty by a jury or guilty plea.[56]

The State in its return of the writ basically argued that this entire petition should be

dismissed "for failure to comply with Rule 2(c) of the Rules Governing Section 2254 [state

---

[55] *Id.*

[56] ECF # 1.

habeas] cases because Hill does not state a ground identifying a constitutional principle nor does he attach adequate supporting facts."[57]

Hill then promptly moved to amend his petition specifically to "provide an adequate petition" for the Court to review.[58] But because that motion was not accompanied by any draft amended complaint, the motion was denied without prejudice.[59] Hill responded by filing a second motion to amend, proposing the following changes to the two grounds stated in his original petition:

1.  This Petitioner filed a petition before this Court on November 30, 2011;

2.  Since the petition has been filed, the Petitioner has acknowledged he needs to amend the petition for this Court's review;

3.  The amendment requested to this Court would in essence help to clarify the missing wording for the Grounds for Relief (one & Two), and to provide an adequate petition for review (See Respondent's Answer at p. 11, §1 & 2: Return of Writ);

4.  <u>Ground One</u> will state: "Appellant was denied his right to a speedy trial in violation of the Sixth and the Fourteenth Amendments to the United States Constitution and Manfrst [sic] Weight in violation of the sixth Amend. U.S."

5.  <u>Ground Two</u> will state: "Appellate Counsel was ineffective by failing to properly raise Comstitutional [sic] error's [sic] to the Court of appeals 5th, 6th, and 14 Amendents [sic] of the United State Const."

---

[57] ECF # 9 at 12.

[58] ECF # 10 at 1.

[59] ECF # 13.

-13-

> 6.    The Court's acceptance of the amended petition would not delay the proceedings, but would allow instanyanous [sic] to this Court's ruling.[60]

After directing the State to file a response to Hill's motion to amend,[61] the State responded by noting that it did not oppose adding Hill's proposed legal language to the two stated claims, since such an amendment would "assist counsel and the Court in identifying the asserted legal basis for petitioner's claims."[62] But, the State renewed its argument that even with a more precise statement of the claims, the court should nevertheless dismiss the claims for failing to sufficiently state the supporting facts.[63]

Following the State's response, on July 9, 2012, I granted Hill's motion to amend in a marginal entry order on the original motion setting out the proposed amendment.[64]

## F.    Amended federal habeas petition

Within 30 days of my order granting the specific motion to amend in the form presented, Hill filed an amended petition for habeas relief presenting three grounds for relief as follows:

> GROUND ONE: Appellant was denied his right to a speedy trial in violation of the Sixth and the Fourteenth Amendments to the United States Constitution, and Manifest Weight in violation of the Sixth Amend. U.S.

---

[60] ECF # 15 at 1-2.

[61] ECF # 16.

[62] ECF # 17 at 1.

[63] *Id.*

[64] ECF # 18.

-14-

Supporting Facts:

1. Traial [sic] Court failed to examine the record to see why the 2005 Indictment wasn't served before the year 2008. "Speedy Trial Issue" Prosecutor never tryed [sic] to serve the indictment to known address.[65]

2. "Manifest Weight of the Evidence" it was not enough evidence to convict the defendant of shooting a person by the name of William Lee Green. Neither one of the witness [sic] could I.D. this person State I.D. card as the victim on the night in questing.

GROUND TWO: Appellate Counsel was ineffective by failing to properly raise Constitutional error's [sic] to the court of appeals 5th, 6th, and 14 Amendment of the Untied [sic] State Const.

Supporting facts:

1. Prosecutor impeaching its own witness

2. its [sic] wasnt [sic] sufficient evidence to find the defendent [sic] guilty of shooting aperson [sic] by the name William Lee Green.

3. there was not sufficient evidence to convicted [sic] the defendant of Weapons While under disability, by the use of a prior conviction from another State.

4. The state violated the defendant Confrontation Clause by admitted [sic] the victim William L. Green in evidence without the victim having any prior statement or without somebody knowing him personally to say that is him.

5. The State comitted [sic] a Bady [sic] violation when they didnt [sic] disclose unknown lady address or name during discovery.

6. Trial court abused it [sic] discretion by allowing the State I.D. ca

GROUND THREE:

Supporting facts: The judgment of conviction did not state the manner of convition [sic] if the defendant was found Guilty by a jury or guilty plea.[66]

---

[65] *Id.*

[66] ECF # 20 at 6, 8, and 9.

-15-

The State did not file an additional return of the writ. But Hill, after requesting and receiving three extensions of time,[67] filed a 30-page traverse, with an affidavit attached.[68] The State then filed a reply to the traverse, contending that dismissal of the entire petition remains proper and that the "elaborate claims and sub-claims" raised for the first time in the traverse "go far beyond" the petition and should now be ignored by the Court.[69]

## Analysis

### A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Hill is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Hill meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[70]

2.    There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[71]

---

[67] *See*, ECF # 24 ("This is petitioner's third request for extension of time. Petitioner's traverse is due 12/07/12. No further extensions will be granted.")

[68] ECF # 25.

[69] ECF # 26 at 2.

[70] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[71] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

3.      In addition, Hill states,[72] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[73]

4.      Moreover, it appears that these claims have been totally exhausted in Ohio courts by having been presented through one full round of Ohio's established appellate review procedure.[74]

5.      Finally, although Hill has not requested the appointment of counsel, he has requested an evidentiary hearing to develop the factual bases of his claims.[75]

## B.    Standards of review

### 1.   *Non-cognizable claim*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[76] Accordingly, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[77] In such circumstances, a claim for federal habeas

---

[72] ECF # 1 at 13.

[73] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[74] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[75] ECF # 25 at 30. 28 U.S.C. § 2254(e)(2).

[76] 28 U.S.C. § 2254(a).

[77] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[75]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[76] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[77] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[78]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[79] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[80] and may not second-guess a state court's interpretation of its own procedural rules.[81] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[82] the Sixth Circuit has recognized that "'[e]rrors

---

[75] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[76] *Estelle*, 502 U.S. at 67-68.

[77] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[78] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[79] *Id.*

[80] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[81] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[82] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[83]

### 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[84]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[85]

---

[83] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[84] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[85] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

-19-

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[86]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[87] In addition, a showing of actual innocence may also excuse a procedural default.[88]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[89] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[90] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[91]

---

[86] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[87] *Hicks v. Straub*, 377 F.3d 538, 552 (6th Cir. 2004) (citations omitted).

[88] *Id.*

[89] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[90] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[91] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[92] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[93]

### 3.    AEDPA review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[94]

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[95] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

---

[92] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[93] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[94] 28 U.S.C. § 2254(d).

[95] *Williams v. Taylor*, 529 U.S. 362 (2000).

-21-

differently than this Court has on a set of materially indistinguishable facts."[96] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[97]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[98] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[99]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[100] and "highly deferential" to the decision of the state court.[101] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

---

[96] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[97] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[98] *Williams*, 529 U.S. at 411.

[99] *Id.* at 409.

[100] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[101] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

court's decision."[102] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[103]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[104]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[105] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[106] In such circumstances, the federal habeas court must give deference to the decision of the state court.[107]

---

[102] *Richter*, 131 S. Ct. at 786.

[103] *Id.* at 786-87.

[104] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[105] *Richter*, 131 S. Ct. at 784-85.

[106] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[107] *Brown*, 656 F.3d at 329.

**C.**     **Application of standards**

*1.*        *Ground one, part one – speedy trial claim – should be denied on the merits because the Ohio appeals court decision rejecting this claim is not an unreasonable application of the clearly established federal law of Barker v. Wingo.*[108]

The State raises several arguments in the alternative regarding the first element of ground one, which asserts that the trial court did not "examine the record to see why the 2005 indictment wasn't served before the year 2008."[109]

First, the State maintains that this argument is procedurally defaulted for lack of fair presentment to the Ohio courts as a federal claim.[110] The State acknowledges that Hill's Ohio appellate brief on the issue of speedy trial cited the United States Supreme Court case of *Barker*. But the State contends that Hill used that case to merely point out that states like Ohio employ their own statutory scheme to effectuate the Constitutional fair trial guarantee and that the speedy trial issue here should be determined by reference to Ohio law – which is the analysis undertaken by the appeals court in denying the claim.[111] The State further notes that Hill then completely revised the claim in his brief to the Ohio Supreme Court so that the speedy trial claim did not rest on any alleged violation of Ohio statute, but rather directly claimed a violation of the principles articulated in *Barker*.[112]

---

[108] *Barker v. Wingo*, 407 U.S. 514 (1972).

[109] ECF # 20 at 6.

[110] ECF # 9 at 15.

[111] ECF # 9 at 15.

[112] *Id.* at 16.

Alternatively, the State contends that the Ohio appeals court decision denying this claim was neither contrary to nor an unreasonable application of the clearly established federal law of *Barker*.[113] In particular, the State points out that Ohio's statutory speedy trial scheme has been construed by the Sixth Circuit in *Brown v. Bobby*[114] as not being contrary to what is prescribed by *Barker*.

In his traverse, Hill largely argues the merits of his speedy trial claim, which principally rest on the three-year gap between when the indictment was initially returned in 2005 and when it was finally served on Hill in 2008 after he was finally located in Chicago.[115]

As to the State's fair presentment argument, a speedy trial claim in Ohio necessarily involves both federal constitutional and state statutory dimensions. As the Sixth Circuit stated in *Brown*, "Ohio courts regard the state's speedy trial scheme as an implementation of the federal constitutional guarantee of a speedy trial."[116] As the *Brown* court further observed, "any time an Ohio court reviews the implementation of [Ohio's] speedy trial statute, it is guided not just by those provisions, but also by the dictates of the Sixth Amendment whether or not it expressly applies the factors laid out in *Barker*."[117]

---

[113] *Id.* at 21-29.

[114] *Brown*, 656 F.3d at 330-32.

[115] ECF # 25 at 14-15.

[116] *Brown*, 656 F.3d at 329.

[117] *Id.* at 331.

-25-

Thus, because an Ohio court decision on an Ohio statutory speedy trial claim also necessarily includes a federal constitutional dimension, a speedy trial argument based on the Ohio statute fairly presents a federal constitutional claim. That Ohio courts interpret statutory-based speedy trial claims in light of the federal constitutional guarantee means that a speedy trial claim presented to Ohio courts in terms of the state statute is fairly presented as a claim grounded in a state law employing federal constitutional analysis – a recognized foundation for fair presentment.[118]

The issue now becomes whether that state court decision here was an unreasonable application of *Barker* as applied through Ohio's speedy trial statute. Because Ohio's law here is not contrary to *Barker*, the Ohio appeals court's application of the statute in Hill's case is entitled to AEDPA deference. As the Sixth Circuit again observed in *Brown*, a deferential review by the federal habeas court "is not concerned with the state court ruled erroneously or incorrectly, but rather with whether the state court decision was 'objectively unreasonable.'"[119]

As *Brown* teaches, *Barker* requires that any delay in bringing a defendant to trial be examined in light of four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant from the delay.[120] While the length of the delay – the first factor – is considered to be the "triggering mechanism" for

---

[118] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

[119] *Brown*, 656 F.3d at 333 (citations omitted).

[120] *Id.* at 332 (citing *Barker*, 507 U.S. at 530).

deeper analysis under the other factors, with a delay of one year or more presumed to be prejudicial,[121] the reason for the delay must be ascertained to determine "which party is more to blame for the delay."[122]

As to the specific situation here, *Brown* states that Ohio Revised Code § 2945.72 explicitly "tolls the amount of time within which an accused must be brought to trial – essentially attributing the delay to the accused – in the following circumstance[]: ... (D) Any period of delay occasioned by the neglect or improper act of the accused."[123] In this case, after reciting the statutory factors for tolling the speedy trial time period in Ohio, the appeals court initially observed that the 2005 indictment was not served on Hill until 2008 because that was when he "was located and extradited from Chicago, Illinois."[124] The court then further implicitly applied that fact to the Ohio statute and found that Hill's "speedy trial time began to run when he was served with the indictment on March 5, 2008."[125] After reviewing the details of Hill's pre-trial incarceration, the court concluded that Hill's "statutory speedy trial time was set to expire on November 29, 2008."[126]

---

[121] *Id.* (citations omitted).

[122] *Id.* at 333 (citations omitted).

[123] *Id.* at 330-31.

[124] ECF # 9 at 25 (quoting appellate court opinion).

[125] *Id.* at 25-26.

[126] *Id.* at 26.

Although Hill attempted to argue in the Ohio appeal that the trial court's denial of Hill's motion to dismiss filed after several pre-trial continuances was an abuse of discretion,[127] the Ohio appellate decision determined that because Hill's trial actually began August 28, 2008 – or well before the November expiration of the speedy trial time limit, there was no abuse of discretion by the trial court in its denial of the motion to dismiss because "appellant's right to a speedy trial was not violated."[128]

Reviewing the foregoing decision of the state appeals court in light of the clearly applicable federal law cited above, the speedy trial element of ground one should be denied because the decision of the Ohio court was not an unreasonable application of *Barker*.

---

[127] As the State observes, Hill now seems to shift the focus of his speedy trial argument from complaints about why continuances were granted to one based on the length of time between when the indictment was returned and when it was served on him. *See*, ECF # 9 at 29-37. Such a shift, as the State notes, would involve both a fact not established in the state record and would be procedurally defaulted for not being the same claim as was presented to the Ohio court. As the above analysis establishes, however, the Ohio appellate court's opinion was sufficiently broad as to deal with even this new version of Hill's claim. Since procedural defaults may be overlooked if the underlying claim can be adjudicated against the petitioner, *Lambrix*, 520 U.S. at 525, and because – as recounted above – the facts of the time difference between the return of the indictment and its service on Hill were explicitly established by the Ohio appeals court, the present formulation of the speedy trial claim may be denied here after AEDPA review.

[128] ECF # 9 at 27.

   **2.     *Ground one, part two – manifest weight of the evidence claim – should be construed
            as a claim alleging lack of sufficient evidence and then denied after AEDPA review
            because the decision of the Ohio appeals court was not an unreasonable application
            of the clearly established federal law of Jackson v. Virginia.***

   The State contends that the second element of ground one – a manifest weight of the

evidence claim – is non-cognizable as a state-law issue.[129] Hill in his traverse appears to

concede that point, noting that "manifest weight is not cognizable in federal habeas

corpus."[130]

   It is well-settled that a habeas claim alleging that a conviction was not supported by

the manifest weight of the evidence is, of itself, a non-cognizable state law claim.[131] But as

the Sixth Circuit teaches in *Nash v. Eberlin*,[132] when a federal *pro se* habeas litigant makes

a manifest weight of the evidence claim, after presentment and adjudication in the Ohio

courts, a rule of lenient construction of *pro se* pleadings applies to construe the manifest

weight claim as a sufficiency of the evidence claim.[133] *Nash* so reasoned because in Ohio law

a finding that a conviction is supported by the manifest weight of the evidence necessarily

means that it is supported by sufficient evidence.[134] Thus, in light of *Nash*, Hill's manifest

---

   [129] ECF # 9 at 37.

   [130] ECF # 25 at 18.

   [131] *See*, *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1976).

   [132] *Nash v. Eberlin*, No. 06-4059, 2007 WL 4438008, at *3 n.4, 258 F. App'x 761
(unpublished) (6th Cir. Dec. 14, 2007).

   [133] *Id.*

   [134] *Id.*

weight claim should be viewed as a sufficiency of the evidence claim and addressed on the merits.[135]

Here, Hill phrased the claim to the Ohio court of appeals as somewhat of a confusing mix of manifest weight and sufficiency. Specifically, he argued that his conviction was "against the manifest weight of the evidence" and thus in violation of "the Sixth Amendment to the United States Constitution."[136] As such, he raised the claim in words alleging a lack of manifest weight, while supporting it by reference to the constitutional provision requiring that convictions be supported by sufficient evidence.[137]

The Ohio court then analyzed the claim under the manifest weight standard. It began by noting that there was no dispute that a shooting had taken place but Hill's "main argument was that there was insufficient evidence to identify him as the assailant in the shooting of Mr. Green."[138] The court found that although there were inconsistencies in the testimony of the witnesses, and that one witness in particular "was confused on the sequence of the events and reluctant to fully disclose her drug use or prostitution on the night of the shooting, nevertheless any discrepancies were only 'minor' and that the eyewitness testimony in

---

[135] *See*, *Gray v. Tibbals*, No. 1:11 CV 1056, 2013 WL 5596934, at *13 (N.D. Ohio Oct. 10, 2013) (report and recommendation).

[136] ECF # 9, Attachment at 109.

[137] In that regard, I note that Hill's appellate brief on this issue (*id.*, at 34-39) begins with framing the claim as one regarding sufficiency of the evidence, citing *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991), Ohio's application of the federal law on sufficiency of the evidence put forth in *Jackson v Virginia*, 443 U.S. 307 (1979).

[138] *Id.*, at 111.

particular agreed that Hill 'was the man who forced his way into Lisa Strock's apartment and shot William Green.'"[139]

Hill in his traverse seeks to again shift his argument from what was presented to the Ohio court, maintaining now that the evidence against him would be insufficient if his trial counsel had objected to leading questions directed to Scottea Brooks, one of the two eyewitnesses, thus precluding her testimony.[140] But even if this testimony were not present, the Ohio appeals court found that Hill's conviction would still be supported by the testimony of the other eyewitness, plus circumstantial evidence from two other witnesses, that together constitute "credible probative evidence that [Hill] was the person who shot Mr. Green."[141]

Hill also seeks to raise an argument that there was insufficient evidence to convict him of having a weapon while under disability because the trial court erred in allowing the prosecution to introduce evidence of Hill's Illinois convictions, which formed the basis for the disability.[142] A review of Hill's brief on direct appeal where the manifest weight claim was made shows no mention of this argument.[143] Although he did argue in the Appellate Rule 26(B) application to reopen the appeal that appellate counsel should have raised an issue concerning the method by which the prosecution introduced evidence of Hill's prior

---

[139] *Id.*, at 111-12.

[140] ECF # 25 at 19.

[141] ECF # 9, Attachment at 112.

[142] ECF # 25 at 25.

[143] ECF # 9, Attachment at 34-39.

conviction, the appeals court concluded that the evidence was presented in a manner consistent with Ohio law, and was "sufficient evidence" of Hill's prior conviction to form the basis for the conviction of having a weapon while under disability.[144]

Thus, even if Hill may now expand his sufficiency of the evidence claim beyond what was argued on direct appeal to include the evidence supporting the weapons conviction, an Ohio court has ruled that under Ohio law the evidence of his prior Illinois conviction was in proper form to be presented to the jury.[145] Because evidentiary issues are non-cognizable claims of state law that, without more, do not provide a basis for habeas relief,[146] even so expanding this claim to now include the weapons conviction does not offer Hill a path to relief.

Addressing the claim that remains, I note first that *Richter* teaches that if a state court denies relief after being presented with a federal claim, but does so without explicitly addressing that claim, it may nonetheless be presumed that the state court adjudicated that federal claim absent any indications to the contrary, and that such adjudication is entitled to AEDPA deference.[147] Further, I note, as was cited above, that an Ohio court's denial of a

---

[144] *Id.*, at 178-79.

[145] Hill argued that a certified copy of the record of conviction in Illinois was, by itself, insufficient under Ohio law without additional evidence proving that he was the individual named in the Illinois conviction. The appeals court found that sufficient additional evidence was provided identifying the person named in the certified conviction as the same person on trial.

[146] *See*, *Estelle*, 502 U.S. at 67-68.

[147] *Richter*, 131 S. Ct. at 784-85.

manifest weight claim may be understood as also denying a sufficiency of the evidence claim. Thus, when the claim here was at least partially phrased in terms of the Sixth Amendment and so would be a federal claim, the decision of the Ohio court would be a denial of that Sixth Amendment claim and entitled to AEDPA deference.

Based on the Ohio court's finding that there was ample evidence from both eyewitnesses and circumstantial witnesses to convict Hill, the state court decision was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*, and Hill's second ground for habeas relief should be denied on the merits.

**3.**      ***Ground two – six instances of alleged ineffective assistance of appellate counsel – should be denied after AEDPA review because the decision of the Ohio appeals court in denying these claims in the Appellate Rule 26(B) application was not an unreasonable application of the clearly established federal law of Strickland.***

Hill asserts that his appellate counsel was ineffective in six ways.[148] The State, in the reply to Hill's traverse, argues that because the Ohio appeals court rejected these arguments after correctly citing and applying the clearly established federal law of *Strickland v. Washington*,[149] that Ohio decision should be found to be not an unreasonable application of *Strickland*.

The state appeals court decision on the ineffective assistance claim begins by clearly setting forth the well-known two-part *Strickland* test for ineffective assistance[150] and then

---

[148] ECF # 25 at 18-28.

[149] *Strickland v. Washington*, 466 U.S. 668 (1984).

[150] ECF # 9, Attachment at 175-76.

methodically applies that test to each of the six claims of ineffective assistance. A brief
synopsis of the appellate court's analysis of each example follows:

- *Failure to raise the issue of trial counsel's lack of objection to the prosecution's impeaching its own witness*

A recitation of the testimony involved revealed to the appeals court that the
questioning was "neither improper nor an impeachment" of the witness but rather a series of
clarifying questions as to why the witness acted as she did and who she meant when she
testified that she saw "Kenneth pull the gun out."[151] Without any evidence of any impropriety
that defense counsel could be expected to object to, the appeals court found no basis for
concluding that counsel was ineffective.[152]

- *Trial counsel was ineffective for not obtaining Hill's out-of-state work records that allegedly would have supported an alibi defense.*

The appeals court found that since this claim relied on matters outside the record and
involved an allegation against trial counsel, not appellate counsel, the appropriate forum was
a post-conviction motion not an Appellate Rule 26(B) motion.[153] Again, the Ohio court found
no basis for concluding appellate counsel was ineffective.[154]

- *Appellate counsel was ineffective for not raising the argument that the State produced insufficient evidence to show that the shooting victim was actually William Green.*

---

[151] *Id.* at 177.

[152] *Id.*

[153] *Id.*

[154] *Id.*, at 177-78.

The appeals court here found that the actual name of the victim is not an essential element of the crime charged.[155] The court noted that what was established was that a man had been shot and that Hill was the shooter.[156] It further noted that the issue of sufficiency of the evidence was raised on Hill's direct appeal,[157] where, as noted above, it was resolved against Hill. Thus, as with the prior assertions of ineffective assistance, the court found no basis by which it could conclude that appellate counsel was ineffective.[158]

- *The prosecution failed to prove the existence of a prior conviction.*

The details of this claim were addressed above as they relate to the sufficiency of the evidence claim. As concerns the ineffective assistance of appellate counsel claim, the Ohio court once more found that because there was no error in how this evidence was presented, there was no basis for any ineffective assistance argument.[159]

- *Claim that right of confrontation was violated when a police officer: (1) testified to Hill's prior conviction, (2) identified the victim's state identification card, and (3) testified as to what an unknown woman stated concerning Hill being taken to Indiana.*

The appeals court initially found that the first two contentions did not state a claim concerning ineffective assistance nor create a violation of the right of confrontation because

---

[155] *Id.*, at 178.

[156] *Id.*

[157] *Id.*

[158] *Id.*

[159] *Id.*, at 179.

there was already enough evidence beyond the officer's testimony as to Hill's prior conviction and that the person shown on William Green's identity card was the victim.[160] Moreover, as to hearsay testimony concerning Hill being taken to Indiana, the appeals court found that it was not offered for its truth, but as an explanation of why the investigators took the next step in the investigation.[161] The trial court cited to this recognized exception to the hearsay rule when it instructed the jury to consider this testimony solely for the purpose of explaining the conduct of the officer.[162] Because of that limited purpose, the court also found that no *Brady* violation occurred as a result of the prosecution not providing the unknown female's name and address during discovery.[163]

Therefore, as with the prior examples, the court here found no basis for any claim of ineffective assistance of appellate counsel.[164]

- *It was error to admit the identification card of William Green into evidence.*

The court first noted that admission of evidence is committed to the discretion of the trial court.[165] Next, it determined that each witness identified "William Green"as the victim

---

[160] *Id.*

[161] *Id.*

[162] *Id.*

[163] *Id.*, at 180.

[164] *Id.*

[165] *Id.*, at 181.

here and that sufficient evidence was presented to the jury showing that the William Green on the state identification card was the same as the victim.[166]

The court concluded, as before, that in this situation there was "no genuine issue" as to any ineffective assistance of appellate counsel.[167]

Although Hill extensively seeks to reargue these claims here,[168] ground two should be denied in its entirety after AEDPA review because the decision of the Ohio appeals court here is not an unreasonable application of the clearly established federal law of *Strickland*. The court of appeals correctly and reasonably concluded that appellate counsel did not fall below the level of professional competency required by *Strickland* by failing to raise any of these arguments.

**4.      *Ground three – apparently contesting the appropriate way to enter a conviction – is both procedurally defaulted by Hill's failure to pursue an appeal from the dismissal of his two motions for re-sentencing and is non-cognizable as a matter of purely state law.***

Hill in this claim seems to argue that the judgment of conviction was defective for not stating whether Hill was found guilty by a jury or pled guilty.[169] As the State points out, Hill raised this argument in his motion to re-sentence, but because the appeal from the denial of that motion was dismissed for lack of prosecution, this claim is procedurally defaulted for

---

[166] *Id.*

[167] *Id.*

[168] *See*, ECF # 25 at 18-28.

[169] ECF # 20 at 9.

not being presented to Ohio courts through the entire appeals process.[170] Alternatively, the State seeks dismissal of ground three as presenting a non-cognizable issue of state law.[171]

Alternatively, the ground presents a non-cognizable state law claim. Hill asserts a defect in the form of the judgment of conviction, a state law error at most. No federal constitutional guarantee requires the specification of the source of the guilty finding. Significantly, Hill makes no mention of this ground for relief in his traverse and so offers no rebuttal to the State's arguments for its dismissal. Ground three should be dismissed as either a non-cognizable state issue or as procedurally defaulted.

**5.      *To the extent that Hill moves for an evidentiary hearing in his traverse so he can develop facts to "rebut the presumption of correctness afforded to the state court's determination of factual issue[s] in this case," that motion should be denied.***

In his traverse, Hill seeks an evidentiary hearing.[172] He offers three reasons for such a hearing:

(1)      the Ohio court decision was an "unreasonable determination of the facts in light of the evidence presented,"[173]

(2)      the evidence Hill has already cited and/or referenced in the traverse "clearly and convincingly rebut[s] the presumption of correctness afforded the State court's determination of factual issue[s] in this case,"[174]

---

[170] ECF # 9 at 44 (citing *Boerckel*, 526 U.S. 838).

[171] *Id.*

[172] ECF # 25 at 30.

[173] *Id.*

[174] *Id.*

(3)     the State court's "determination of the sufficiency of the evidence is not fairly supported by the record."[175]

Plainly, the first and third reasons are invitations for this Court to retry the issues previously presented to the state court so as to obtain a more favorable statement of the facts than the state court provided. As such, that is not a permissible reason for an evidentiary hearing. "'Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a petitioner made insufficient effort to pursue in state proceedings.'"[176]

In addition, insofar as Hill attacks the sufficiency of the evidence in support of a factual finding, the statute provides that he has the burden to "produce that part of the record pertinent to a determination of the sufficiency of the evidence to support such determination."[177] 28 U.S.C. 2254(e)(1) further provides that the petitioner has the burden of rebutting the presumption of correctness is by clear and convincing evidence. Moreover, the recent Supreme Court decision in *Pinholster* reaffirms that federal habeas courts are not to consider evidence that was not before the state courts.[178]

As the recent Sixth Circuit decision in *Donaldson v. Booker*[179] suggests, the holding of the Supreme Court in *Richter* that even an unexplained decision of a state court presented

---

[175] *Id.*

[176] *Sheppard v. Bagley*, 657 F.3d 338, 344 (6th Cir. 2011) (quoting *Cullen v. Pinholster*, __ U.S. __, 131 S. Ct. 1388, 1401 (2011)).

[177] 28 U.S.C. § 2254(f).

[178] *Pinholster*, 131 S. Ct. at 1399.

[179] *Donaldson v. Booker*, 505 F. App'x 488 (6th Cir. 2012).

with a federal claim must be accorded deference, read together with *Pinholster*, greatly limits the circumstances where any federal evidentiary hearing would be warranted.

Therefore, Hill's request for an evidentiary hearing in this case should be denied.

## Conclusion

For the reasons given, I recommend that the petition of Kenneth Hill for a writ of habeas corpus be dismissed in part and denied in part as set forth above. I further recommend that to the extent that Hill now seeks an evidentiary hearing, that motion be denied.

Dated:  November 25, 2013                          s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[180]

---

[180] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).