**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KENNETH LEVELLE HILL | ) | CASE NO. 1:11CV2603 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| WARDEN SHELDON, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

    This matter comes before the Court on Petitioner Kenneth Levelle Hill's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses in part, and denies in part, Petitioner's Petition.

## **FACTS**

    The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and

1

detailed discussion of the facts.

Petitioner was indicted by the Court of Common Pleas of Richland County on one count of Felonious Assault With a Deadly Weapon, one count of Aggravated Robbery With a Firearm Specification, and one count of Having a Weapon Under Disability. After a jury trial, Petitioner was found guilty of Felonious Assault and Having a Weapon Under Disability. Petitioner was sentenced to a total of thirteen years. Petitioner timely appealed his convictions, and on June 30, 2010, the Court of Appeals affirmed the conviction. Petitioner appealed to the Supreme Court of Ohio. On December 1, 2010, the Supreme Court of Ohio dismissed the Appeal. While Petitioner's direct Appeal was pending before the Ohio Supreme Court, he filed a Motion Under Rule 26(B) to Reopen his Appeal. On November 15, 2010, the Court of Appeals denied Petitioner's Application to Reopen his Appeal.

Petitioner then filed an Appeal to the Ohio Supreme Court on the denial to re-open his Appeal. On March 2, 2011, the Ohio Supreme Court dismissed the appeal. Petitioner then filed two Motions to Resentence that were denied by the trial court. Petitioner's Appeals of those orders were dismissed.

Petitioner filed the instant Petition November 30, 2011 asserting the following grounds for relief:

> **GROUND ONE:**
> Supporting Facts:
> 1. Trial Court failed to examine the record to see why the 2005 Indictment wasn't served before the year 2008. "Speedy Trial Issue" Prosecutor never tryed [sic] to serve the indictment to known address.
> 2. "Manifest Weight of the Evidence" it was not enough evidence to convict the defendant of shooting a person by the name of William Lee Green. Neither one of the witness could I.D. this person State I.D. card as the victim on the night in questing. [sic]

2

**GROUND TWO:**
Supporting Facts:
1. Prosecutor impeaching its own witness.
2. its [sic] wasn't sufficient evidence to find the defendant guilty of shooting aperson [sic] by the name of William Lee Green.
3. there was not sufficient evidence to convicted the defendant of Weapons While under disability, by the use of a prior conviction from another State.
4. The state violated the defendant Confrontation Clause by admitted the victim William L. Green in evidence without the victim having any prior statement or without somebody knowing him personally to say that is him.
5. The State committed a Bady [sic] violation when they didn't [sic] disclose unknown lady address or name during discovery.
6. Trial court abused it (sic) discretion by allowing the state I.D. ca [sic]

**GROUND THREE:**
Supporting Facts:
The judgment of conviction did not state the manner of conviction if the defendant was found Guilty by a jury or guilty plea.

On February 15, 2012, the Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. On November 25, 2013, the Magistrate Judge issued his Report and Recommendation. Petitioner filed Objection to Magistrate's Report and Recommendation on Motion to Vacate, Set Aside or Correct Sentence on January 27, 2014, after his Motion for Extension of Time was granted.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529

3

U.S. 362, 405-406 (2000).  The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004).  Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

In the first part of Ground One, Petitioner's speedy trial claim, the Magistrate Judge determined that it should be denied on the merits because the Ohio appeals court decision rejecting this claim is not an unreasonable application of clearly established federal law pursuant to *Barker v. Wingo*, 407 U.S. 514 (1972).  Respondent asserts that this argument is procedurally defaulted as not fairly presented to the Ohio Courts as a federal claim.  The Magistrate Judge found that because an Ohio court decision on an Ohio statutory speedy trial claim also necessarily includes a federal constitutional dimension, a speedy trial argument based on the Ohio statute fairly presents a federal constitutional claim. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

The Magistrate Judge addressed the issue of whether the state court decision here was an unreasonable application of *Barker v. Wingo*, 507 U.S. 530, as applied through

4

Ohio's speedy trial statute, which requires that any delay in bringing a defendant to trial be examined in light of four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant from the delay. The Court agrees with the Magistrate Judge that in this case, the reason for the delay was the direct result of Petitioner's improper act. Petitioner was not served until 2008 because he had fled the jurisdiction, where he was eventually located and extradited. The Court of Appeals decision was not an unreasonable application of *Barker.* Therefore, the Court finds that the speedy trial element of Ground One is denied.

In the second part of Ground One, Petitioner challenges the manifest weight of the evidence used to convict him. The Magistrate Judge analyzed this claim as alleging lack of sufficient evidence. In *Nash v. Eberlin*, No. 06-4059, 2007 WL 4438008, at *3 n.4, 258 F. App'x 761 (unpublished) (6th Cir. Dec. 14, 2007), the Sixth Circuit teaches that when a federal pro se habeas litigant makes a manifest weight of the evidence claim, after presentment and adjudication in the Ohio courts, a rule of lenient construction of pro se pleadings applies to construe the manifest weight claim as a sufficiency of the evidence claim.

In this case, the Court of Appeals found that there was ample evidence from witnesses, the case was presented in a manner consistent with Ohio law, and that Petitioner's conviction was supported by sufficient evidence. The Magistrate Judge concluded, and the Court agrees, that the state court decision was not an unreasonable application of clearly established federal law. Therefore, the Court finds that the second part of Ground One is denied.

In Ground Two, Petitioner alleges that appellate counsel provided ineffective

5

assistance. In Respondent's Reply to Petitioner's Traverse, Respondent asserts that the Court of Appeals Opinion correctly cites relevant United States Supreme Court authority in *Strickland v. Washington*, 466 U.S. 668 (1984), and conducts a reasoned and compelling analysis of all of Petitioner's contentions. In his Report and Recommendation, the Magistrate Judge thoroughly outlined the Court of Appeals' analysis of each claim. The Court agrees with the Magistrate Judge that the decision of the Court of Appeals is not an unreasonable application of clearly established federal law per *Strickland*. Therefore, Ground Two is denied.

In Ground Three, Petitioner challenges the appropriate way to enter a conviction. Respondent asserts that Ground Three and its supporting fact pertains exclusively to an issue of state law that is not cognizable in federal habeas corpus. Federal courts only decide United States constitutional issues. *See, e.g., Wilson v. Corcoran,* ___ U.S. ___, 131 S. Ct. 13,14 (2010). Errors of state law, even assuming that there were an error, are not cognizable in federal habeas corpus. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Court agrees, and therefore, Ground Three is dismissed as a non-cognizable state issue.

The Magistrate Judge correctly concluded that Petitioner is not entitled to an evidentiary hearing to pursue a more favorable statement of the facts than the state court provided. "'Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a petitioner made insufficient effort to pursue in state proceedings.'" *Sheppard v. Bagley*, 657 F.3d 338, 344 (6th Cir. 2011) (quoting *Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1401 (2011)). Petitioner's request for an evidentiary hearing is denied.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. Therefore, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses in part and denies in part Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date:2/21/2014

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge